UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| QUINTA RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 22-cv-3263-MMM |
| | ) | |
| TIMOTHY ADESANYA, | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Graham Correctional Center ("Graham"), files a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Timothy Adesanya was deliberately indifferent to his serious medical needs. (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**ALLEGATIONS**

Plaintiff states that he noticed "a pimple size bump on his left arm on the side of his bicep next to his elbow" in April 2020. (Doc. 1 at 6). The bump was painful to the touch. During the next two years, the bump increased in size and became increasingly painful. Plaintiff alleges that

the bump affected his daily activities. For instance, he was unable to lift heavy objects, shower, eat, tie his shoes, and properly dress himself without experiencing pain in his left arm.

On or about September 2021, Plaintiff arrived at Graham. From September 2021 through July 22, 2022, he submitted sick call slips to the healthcare unit regarding the bump on his left arm to no avail. On an unknown date, Plaintiff was examined by a nurse, who provided Ibuprofen for the pain and told Plaintiff he needed to see a doctor.

On August 1, 2022, Plaintiff was seen by Defendant Adesanya, a physician assistant at Graham. Plaintiff informed Defendant that the bump on his left arm started out small but had increased in size over two years and was painful. Plaintiff alleges that Defendant failed to examine his left arm. Instead, Defendant allegedly "took a glance at the bump before telling Plaintiff it was a cyst." *Id.* at 7-8. Defendant allegedly told Plaintiff that the cyst did not hurt and there was not much he could do except provide more Ibuprofen or Tylenol. Plaintiff told Defendant that Ibuprofen was ineffective for treating the pain. Plaintiff asked Defendant to be referred to a specialist to have the bump surgically removed because it was embedded deep into his left arm. Defendant declined to refer Plaintiff to a specialist.

Plaintiff alleges that Defendant was deliberately indifferent by (1) failing to examine him; (2) failing to refer him to a specialist; and (3) failing to prescribe effective pain medication. As a result, Plaintiff claims that he continued to suffer from pain on a daily basis and had trouble sleeping.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial

risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 411-12. Denying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

Based on his allegations, the Court finds that Plaintiff has pled a plausible deliberate indifference claim against Defendant Adesanya for allegedly failing to examine him on August 1, 2022, failing to refer him to a specialist, and failing to prescribe effective pain medication.

**IT IS THEREFORE ORDERED:**

1.  According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment deliberate indifference claim against Defendant Adesanya for allegedly failing to examine Plaintiff on August 1, 2022, failing to refer him to a specialist, and failing to prescribe effective pain medication. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. Plaintiff files a [4] Motion to Request Counsel. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the district court has the discretion to recruit a volunteer to represent a plaintiff who cannot otherwise afford counsel. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). Before appointing counsel, the Court must first determine if Plaintiff made a reasonable attempt to secure counsel on his own, or conversely, if he has been precluded from doing so. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). This typically requires submitting letters from several attorneys declining assistance. *See Olson v. Morgan*, 750 F.3d at 711. Plaintiff did not indicate what attempts he made to find an attorney, nor did he attach any letters from attorneys who declined to represent him. Therefore, the Court is unable to determine if Plaintiff made a reasonable attempt to secure his own lawyer. [4] is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel.

3. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin

until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. Plaintiff shall be provided a copy of all pertinent medical records upon request.

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  3/28/2023

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge